**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALBERT L. PERRY IV,

Plaintiff,

v.

CASE NO. 2:26-CV-12796
HON. JONATHAN J.C. GREY

GARLIN GILCHRIST II, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER OF DISMISSAL**

This is a pro se 42 U.S.C. § 1983 case. Plaintiff Albert L. Perry IV, currently confined at the Bellamy Creek Correctional Facility ("IBC") in Ionia, Michigan, filed a 437-page pleading on his conditions of confinement from December 2025 to the present. (ECF No. 1.) For the reasons set forth below, the Court **DISMISSES WITHOUT PREJUDICE** Perry's complaint (ECF No. 1) and **DENIES AS MOOT** Perry's application to proceed in forma pauperis (ECF No. 2).

## I. LEGAL STANDARD

The Prison Litigation Reform Act of 1996 ("PLRA") requires the Court to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court similarly must dismiss a complaint against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court also has the authority to dismiss a case based upon a plaintiff's failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b) (authorizing dismissal of a case for failure "to comply with [the Federal Rules of Civil Procedure] or a court order"); *see also Abbott v. Rechlin*, No. 2:23-CV-10962, 2024 WL 51023, *5 (E.D. Mich. Jan. 4, 2024) (adopting recommendation to dismiss the complaint for

being "excessively long [and] incomprehensible in many parts" in violation of Rule 8).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require detailed factual allegations but does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must

allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts indicating that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Federal courts routinely dismiss complaints that involve numerous defendants, claims, events, locations, or time frames because they are unwieldy to review and litigate. *E.g., Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (affirming dismissal of rambling 119-page complaint); *Solomon v. Washington, et al.*, 2026 WL 1121929, *1–2 (E.D. Mich. Apr. 24, 2026) (dismissing prisoner's 336-page complaint, with additional pleadings totaling 751 pages, against 50 defendants concerning events at multiple locations); *Ryan v. Michigan*, No. 2:20-CV-12502, 2021 WL 5585930, *2-4 (E.D. Mich. Nov. 30, 2021) (dismissing prisoner's 350-page amended complaint against hundreds of prison officials at 12 prisons spanning a 12-year period for failure to comply with Rule 8(a) and failure to state a conspiracy claim); *Falconer*

*v. United States Government,* No. 2:19-CV-10961, 2019 WL 1651314, *2 (E.D. Mich. Apr. 17, 2019) (dismissing 220-page complaint for failure to comply with Rule 8(a)); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting recommendation to dismiss complaint for failure to comply with Rule 8(a)(2)).

## II. ANALYSIS

Perry states that the events giving rise to his complaint occurred at the Charles Egeler Reception and Guidance Center ("RGC") in Jackson, Michigan, the Parnall Correctional Facility ("SMT") in Jackson, Michigan, the Lakeland Correctional Facility in Coldwater, Michigan ("LCF"), and IBC. (ECF No. 1 at PageID.17.) He names 48 defendants,[1] including Michigan Lieutenant Governor Garlin Gilchrist II, Michigan Governor Gretchen Whitmer, Michigan Department of Corrections ("MDOC") Director Heidi Washington, Michigan Attorney General Dana Nessel, MDOC administrators, prison wardens and employees, medical personnel, and John/Jane Does but lists only Lansing, Michigan addresses for all of the defendants. (*Id*. at PageID.1-11.)

In his complaint, Perry alleges in conclusory fashion that he has

[1] In the complaint, he misnumbers the quantity of defendants as 85.

been subject to retaliation, torture, assault, Prison Rape Elimination Act violations, abuses, obstruction of justice, corruption, medical denials, mail tampering, larceny, duress, arbitrary detention, impeded investigations, forced mental health services, aberrant behaviors, and criminal acts of conspiracy. (*Id.* at PageID.14–15.) He also alleges he has been denied access to grievances and various privileges, asserting that MDOC employees have violated policies, laws, and his rights almost daily during his incarceration. (*Id.* at PageID.14–15.) He states his legal claims as: "equal protection rights, disability rights, failure to protect, denying protective custody, 1st, 4th, 5th, 6th, 8th, 14th Amendment rights violated, due process violations, PREA violations, mental health abuse and torture, privacy right violations, integrity of bodily rights, phone privileges, medical rights. HIPPA rights, RLUIPA." (*Id.* at PageID.12.)

Perry seeks injunctive relief, criminal investigations and charges against the defendants, and millions of dollars in compensatory and punitive damages. (*Id.* at PageID.16.) He has not provided copies of his pleadings for service on the defendants.

Perry's 437-page pleading, which includes his complaint and numerous referenced attachments, fails to comply with Rule 8(a). Perry

fails to present a clear and concise statement of factual and legal allegations of unconstitutional conduct against each of the 48 defendants. Simultaneously, he fails to allege sufficient facts to state claims upon which relief may be granted against most of the named defendants. These conclusory allegations are insufficient to state a § 1983 claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009). His complaint is difficult, if not impossible, to review and litigate in an orderly fashion.

The complaint does not allow the Court to adequately ascertain: (1) the exact claims against each defendant; (2) whether venue is proper; (3) whether the claims are properly joined in one action; (4) whether the claims against each defendant are exhausted; (5) whether some claims are duplicative,[2] and (6) which allegations, if any, state viable claims for relief. Perry's complaint must therefore be dismissed.

## III. Conclusion

For the reasons stated, **IT IS ORDERED THAT** Perry's complaint

---

[2] Perry has another pending civil rights case concerning his confinement at RGC. *Perry v. Washington, et al.*, No. 26-CV-12492 (E.D. Mich).

(ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Perry's application to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED AS MOOT**. No fees shall be assessed for this case.

Lastly, the Court concludes that an appeal of this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed and will not be reopened.

**IT IS SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: September 25, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager